UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CR-13 |
| | ) | |
| YORDON VELAZQUEZ VICTORIA | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
DISCOVERY AND PRETRIAL MOTIONS**

The United States of America responds to Defendant Yordon Velazquez Victoria's various discovery and pretrial motions (Dkt. Nos. 35-42).

As an initial matter, the United States provides that it has produced discovery in this case that includes reports of investigation, summaries of interviews, various petitions and documents related to H-2A visa filings process, financial information, and grand jury transcripts, among other evidence. The United States submits that it will continue to produce discovery as it receives additional discovery.

**I.      Motion for Access to Prospective Government Witnesses (Dkt. No. 35)**

Although Defendant may attempt to interview witnesses in this case, the Eleventh Circuit has made clear that the United States has no duty to present its witnesses for interviews. *United States v. Pepe*, 747 F.2d 632, 655 (11th Cir. 1984); *see also United States v. Savage*, No. CRIM.A. 07-550-03, 2013 WL 271800, at *2 (E.D. Pa. Jan. 24, 2013) ("We may easily dispose of Defendants' request to compel the Government to make the witnesses available for interviews. There is no constitutional guarantee granted to a defendant to interview a witness.").

The United States further objects to Defendant's request that it be compelled to file the names of recalcitrant witnesses and the reasons for their refusal to be interviewed.

The Government's case file does not contain, nor by this response does the Government represent that it will undertake to seek out or create, witness lists, government agent personnel files, intended orders of proof for trial, or expositions of the Government's theory of the case and inferential contentions to be made from the evidence. To the extent that Defendant's demand may include such items, the Government objects to their production or creation. The Government's "work product" has long been exempt and protected from defense perusal. Fed.R.Crim.P. 16(a)(2); *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Because of the liberal and extensive discovery to be provided, there is no bona fide need for a list of witnesses. *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir.), *cert. denied*, 484 U.S. 827 (1987). Defendant may construct a list of likely Government witnesses from the discovery provided. The creation of lists, summaries, orders of proof, and previews of the Government's theory of the case and inferential jury arguments do not constitute the discovery of evidence in that such things are not evidence. Just because they might be helpful to Defendant to craft a trial strategy, fashion testimony, or tailor arguments, it does not change their character as attorney work product.

## II.   Motion for Disclosure of Confidential Informants (Dkt. No. 36)

The discovery in this case contains sufficient information regarding the use of

confidential informants and their identities in the investigation. Defendant has not shown a particularized need for the identity of any confidential informant. The United States will disclose the identity of any relevant informant used in this case at least one week prior to trial, and if such informant is to testify at trial, the United States will provide the witness-informant's criminal history and relevant materials under *Giglio*.

### III. Motion for Disclosure of Statements by Defendant to Third Persons (Dkt. No. 37)

Pursuant to Rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure, the United States has provided and will continue to provide any relevant oral, written, or recorded statement by the Defendant that is known to the government and within its possession, custody, and control. Moreover, the discovery provided contains the statements relevant to this case in the government's possession. Should additional statements subject to Rule 16 or *Brady* come within the government's possession, such statements will be produced.

### IV. Motion for Early Disclosure of Jencks Act Material (Dkt. No. 38)

The Government will make available for copying or furnish copies of all materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, as soon as practical, beginning at arraignment and continuing thereafter. Though not necessarily constituting Jencks Act materials, investigative reports of federal, state, and local agencies containing information pertinent to the proof of the Government's case-in-chief, as well as statements or

summaries of interview with persons who will not be called as witnesses (provided any such exist), will be provided in like manner.

In addition, the Government has provided copies of all materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. In the event additional material becomes known to and comes into the Government's possession that is discoverable under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, the Government will provide Defendant copies as soon as it is received.

To the extent that grand jury transcripts contain information which would otherwise be discoverable consistent with this notice, i.e., probable Jencks material, transcripts will be provided upon receipt (usually within thirty to forty-five days after indictment) to Defendant in the same manner as statement summaries and investigative reports, without any requirement for particularized showings of need or further order of the Court, as provided by the Court's standing order memorialized in Rule 16.1 of the Local Rules for Criminal Cases for the Southern District of Georgia.

### V. Motion for Notice by the Government of the Intention to Rely Upon Other Crimes Evidence (Dkt. No. 39)

At this time, the United States is not aware of evidence it intends to offer pursuant to Rule 404(b) of the Federal Rules of Evidence. In the event the United States receives information that would be admissible pursuant to Rule 404(b), the United States will then file an appropriate notice.

VI. **Motion to Preserve Evidence (Dkt. No. 40)**

The Government does not oppose Defendant's request to preserve evidence or rough notes. However, the Government does oppose disclosure of such materials and disclosure of an inventory of such notes absent a threshold showing of relevancy and need. The Government defines rough notes to be contemporaneous recordation of matters of investigation and evidence, not the notes made by prosecutors in preparation for trial, which are attorney work product and not discoverable.

VII. **Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment (Dkt. No. 41)**

The United States will disclose the identity of any relevant informant used in this case at least one week prior to trial if such informant is to testify at trial, and the United States will provide the witness-informant's criminal history and relevant materials, including any promises of immunity, leniency or preferential treatment that fall under *Giglio*. Similarly, any cooperation agreements entered into by the government concerning a witness at trial will also be disclosed at least one week before trial.

The Government will provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as soon as practicable after they are received by the United States Attorney's Office. This will include "RAP" sheets for Defendant and witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government,

prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available. This intention to provide exculpatory, arguably favorable, or impeaching information on an immediate and continuing basis should not be construed so as to relieve Defendant of making particularized demands and showings of materiality and need for specifically identified items, for while the Government fully intends a good faith effort to identify and produce materials under its obligation as defined by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), and their progeny, characterizations of particular items or information as falling within that obligation may differ, and Defendant may find exculpatory or impeaching use of an item of information in a manner not apparent to or anticipated by the Government. Likewise, nothing herein should be construed to relieve Defendant of the obligation to acquire on his own matters of public record.

### VIII. Special Motion for Immediate Discovery of Audio Recordings and/or Video Tape Recordings and Transcripts (Dkt. No. 42)

The United States will continue to provide, discovery subject to Rule 16. Such discovery will include any recorded and intercepted calls in this case as well as recorded interviews, if any. Pursuant to Rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure, the United States will continue to provide any relevant oral, written, or recorded statement by the Defendant that is known to the government and within its possession, custody, and control. Moreover, the discovery to be

provided will contain the recorded statements relevant to this case in the government's possession. Should additional statements subject to Rule 16 or *Brady* come within the government's possession, such statements will be produced.

          Respectfully submitted,

          DAVID H. ESTES
          ACTING UNITED STATES ATTORNEY

          */s/ Tania D. Groover*
          Tania D. Groover
          Assistant United States Attorney
          Georgia Bar Number 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422